The Honorable Bill Walters State Senator P.O. Box 280 Greenwood, Arkansas 72936
Dear Senator Walters:
This is in response to your request for an opinion concerning the interstate collection of child support payments. Specifically, you indicate that over the years, you have had many constituents inform you about their difficulty in collecting child support from non-custodial parents who reside outside the State of Arkansas. In a particular case recently brought to your attention, no support has been received in ten years from a father who resides in California. You indicate that the mother has sought help from the local Child Support Enforcement Unit, which has sent all the necessary information to the authorities in California, but that the California authorities have neglected to take any action on the matter for almost a year. You ask "what can be done to force California into fulfilling its contractual duties to enforce these actions in California."
In response to your question, although there is little Arkansas can do to "force" the State of California to enforce the judgment, it should be noted that the Arkansas General Assembly recently passed the "Uniform Interstate Family Support Act."See Act 468 of 1993, codified at A.C.A. §§ 9-17-101 to -902 (Cum. Supp. 1993). This act repealed the old "Revised Uniform Reciprocal Enforcement of Support Act." The emergency clause of the new act, which became effective March 12, 1993, provides as follows:
 It is hereby found and determined by the General Assembly that currently one in four children in the United States grows up in a single parent household and that millions of these children fail to receive the financial support that they are owed; that this financial support is crucial to sustaining family life and often to averting outright poverty; that children whose parents live in different states suffer for [sic] the most since a conflict between jurisdictions can often stand as a serious impediment to the enforcement of a child support order; that this act provides for one-state control of a case and for a clear and efficient method of interstate case processing; and that this act should therefore be given immediate effect. . . .
Although I am unfamiliar with all the aspects of the particular case you describe, I would suggest that your constituent contact the Arkansas Office of Child Support Enforcement in Little Rock and inquire about the possibility of enforcement under the new act. The address is P.O. Box 8133, Little Rock, Arkansas 72203, and the telephone number is 682-8175.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh